UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN BARANSKI AND JAMES LACOURTE, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | |
| Plaintiffs, | CASE NO. 1:13-CV-6349-ILG-JMA |
| v. | |
| NCO FINANCIAL SYSTEMS, INC., | |
| Defendant. | |

_____

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO SEVER, DISMISS AND/OR TRANSFER VENUE**
_____

**I. INTRODUCTION**

Plaintiffs John Baranski, a resident of North Grosvenordale, Connecticut, and James LaCourte, a resident of Huntington, New York, commenced this putative class action against NCO Financial Systems, Inc. (NCO) on November 15, 2013. ECF No. 1 ¶¶ 10, 11.

The complaint alleges NCO made telephone calls to Plaintiffs and classes and subclasses of consumers, allegedly in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, et seq. New York General Business Law ("GBL") §399-p, and Connecticut Unfair Trade Practices Act General Statutes ("CUTPA"), §42- 110a, et seq.

1

## II. STATEMENT OF FACTS

Mr. LaCourte alleges he was a cardholder of an American Express card that he contends was paid in August of 2010, and later, NCO called his cellular phone without his consent using an automated telephone dialing system on November 11, 2010, and December 7, 2010. ECF No. 1, ¶¶ 22-28, 27-28. Mr. LaCourte also alleges NCO left prerecorded messages at his residence on six occasions on October 20, 27 and November, 4, 12, 17, 24, 2010. ECF No. 1, ¶ 29. In a related, pending case Mr. LaCourt previously filed against NCO, Mr. LaCourte similarly alleged NCO called him about the American Express debt:

> Plaintiff Lacourte was the holder of an American Express credit card that he used primarily for personal, family, and household expenses. First Am. Compl. ("FAC") ¶ 36. LaCourte accumulated several thousand dollars in debt on that card, but in or about February 2009, he negotiated a full settlement. Between April 2009 and August 2010, LaCourte made the agreed settlement payments, totaling $4,128.02. Accordingly, as of August 2010, LaCourte owed no debt to American Express. FAC ¶ 37.
>
> Beginning in October 2010, however, defendants began attempting to collect LaCourte's then-settled and paid debt. Defendants' debt collection efforts included thirty separate communications to LaCourte, including five letters, twenty-four phone calls, and a lawsuit filed in state court. FAC ¶ 38, 43. These communications falsely represented that LaCourte owed a debt to American Express in the amount of $2,752.01, and demanded payment. FAC ¶ 38. LaCourte repeatedly informed the debt collectors that he did not owe American Express anything, but to no avail. FAC ¶ 41. The debt collection campaign continued for more than a year. The final communication—and the only one alleged to have taken place within one year of the filing of the initial complaint in this case—is a phone call allegedly placed to LaCourte's home on December 29, 2011. FAC ¶ 38.
>
> The final communication—and the only one alleged to have taken place within one year of the filing of the initial complaint in this case—is a phone call allegedly placed to LaCourte's home on December 29, 2011. FAC ¶ 38.

> The First Amended Complaint is imprecise about which defendants conducted this debt collection campaign. As exemplars of the debt collection communications, the complaint attaches two letters LaCourte received. The first, dated October 18, 2010, is alleged to have been sent by "NCO [Group] and NCO [Financial]," but the face of the letter states that it is from "NCO Financial Systems, Inc.," directs the recipient to contact an individual at "NCO Financial Systems, Inc.," and directs the recipient to make payment to "NCO Financial Systems" or through "www.ncofinancial.com." FAC, ex. B. NCO Group is not mentioned. The second letter, dated December 9, 2010, is from Foster & Garbus, and also does not mention NCO Group. FAC, ex. C. Beyond these attached letters, the First Amended Complaint alleges that the various debt collection communications were made by "defendants" generally, "NCO [Group] and NCO [Financial]" together, Foster & Garbus, or some combination thereof. See FAC ¶ 61.

*LaCourte v. JP Morgan Chase & Co.*, No. 12 Civ. 9453(JSR), 2013 WL 4830935, *1 (S.D.N.Y. Sept. 4, 2013) (hereinafter "*LaCourte I*"). On or about November 5, 2013, Mr. LaCourte sought leave to amend his complaint in *LaCourte I* to add claims under the TCPA and N.Y. Gen. Bus. Law § 399-p, and Judge Rakoff denied leave as untimely. S.D.N.Y. Case No. 12 Civ. 9453(JSR), *LaCourte I*, ECF No. 90, Exhibit A (order dated December 6, 2013).

Mr. Baranski alleges he and his wife applied for a Capital One credit card in April of 1998, and in June 13, 2013, as well as numerous unstated times, NCO called Plaintiff Baranski on his cellular telephone, without lawful consent, one or more of which calls were made using an automated telephone dialing system. ECF No. 1, ¶¶ 32-35.

### III. LAW AND ARGUMENT

#### A. STANDARD OF REVIEW – MOTION TO SEVER

Fed.R.Civ.P. Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed.R.Civ.P. Rule 21. Under the Rule, a district court is permitted to "sever any

3

claim against a party," Fed.R.Civ.P. 21, and "[t]he decision whether to grant a severance motion is committed to the sound discretion of the trial court." *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir.1988). Severance is proper "when it will serve the ends of justice and further the prompt and efficient disposition of litigation." *Wyndham Associates v. Bintliff*, 398 F.2d 614 (2d Cir. 1968), *cert. denied,* 393 U.S. 977, (1968).

### B.   STANDARD OF REVIEW – MOTION TO DISMISS

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In order "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Communications, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007)  (*quoting Twombly*) (footnote omitted); *Iqbal v. Hasty,* 490 F.3d 143 (2d Cir. 2007) (stating that *Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable).

In passing on a motion to dismiss, the Court may consider the complaint, documents attached to the complaint, documents referenced in the complaint, and matters

4

which may be judicially noticed, including court dockets and filings. *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir.1993); *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir.2006); *Brodeur v. City of New York*, No. 04–CV–1859, 2005 WL 1139908, at *3 (E.D.N.Y. May 13, 2005) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir.1991)). Rule 201(b) provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). "Judicial notice may encompass the status of other lawsuits in other courts and the substance of papers filed in those actions." *Schenk v. Citibank/Citigroup/Citicorp*, No. 10–CV–5056, 2010 WL 5094360, at *2 (S.D.N.Y. Dec. 9, 2010); *Anderson v. Rochester–Genesee Regional Transp. Auth.*, 337 F.3d 201, 205 (2d Cir.2003) (taking judicial notice of a district court opinion that was not submitted as part of the record on appeal); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir.2000) (taking judicial notice of a complaint filed in another action).

The Court may take judicial notice of the three documents attached hereto as Exhibits A through C as the same are pleadings, dockets and orders entered in a related case.

C.   **STANDARD OF REVIEW – MOTION TO TRANSFER**

28 U.S.C. § 1404 provides: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Assessing a motion to transfer made

5

pursuant to 28 U.S.C. § 1404(a), "courts engage in a two-part test. The first question is whether the action "might have been brought" in the proposed transferee forum. Second, the Court must determine whether the transfer promotes convenience and justice." *Ahmed v. T.J. Maxx Corp.*, 777 F.Supp.2d 445, 448 (E.D.N.Y. 2011).

Whether convenience and the interests of justice support the transfer is assessed in light of a variety of factors and balancing conveniences. The movant bears the burden of demonstrating a transfer would be proper by clear and convincing evidence. See *New York Marine and Gen. Ins. Co. v. Lafarge N.A., Inc.*, 599 F.3d 102, 114 (2d Cir.2010).

> The criteria that courts utilize to determine whether to transfer an action under Section 1404 include consideration of the following factors: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative means of the parties; (4) the locus of operative facts and relative ease of access to sources of proof; (5) the availability of process to compel the attendance of witnesses; (6) the weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; and (9) trial efficiency and how best to serve the interests of justice, based on an assessment of the totality of material circumstances.

*Ahmed v. T.J. Maxx Corp.*, 777 F.Supp.2d 445, 448-49. In evaluating transfers to or from the Eastern and Southern districts of New York, seven of these factors become immaterial, leaving only the consideration of "(1) how much deference to give the Plaintiff's choice of forum and (2) how to weigh the interest of justice." *Ahmed*, 777 F.Supp.2d at 449.

While § 1404(a) allows for the transfer of an action, it does not allow for transfer of part of an action; but a court may sever claims and transfer severed parts. *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (holding that in cases "where the administration of

justice would be materially advanced by severance and transfer" a court may sever the claims for the purpose of permitting the transfer).

### D. ISSUE I: Plaintiff LaCourte's claims should be severed from Plaintiff Baranski's claims.

Plaintiff LaCourte's claims should be severed from Plaintiff Baranski's claims because his claims are improperly filed, and transfer will serve the ends of justice and further the prompt and efficient disposition of this litigation.

Plaintiff LaCourte claims here that NCO called him on November 11 and December 7, 2010 on his cellular phone. ECF No. 1, ¶¶ 27, 28. Mr. LaCourte also alleges that NCO called him at home on October 20, 27, November 4, 12, 17 and 24, 2010. ECF No. 1 ¶ 29. The complaint alleges these calls violate the TCPA and GBL §399-p.

In *LaCourte I*, Mr. LaCourte's Second amended complaint also alleged that NCO called him on October 20, 27, November 4, 11, 17, 24, 2010 regarding his American Express obligation, which he alleges was repaid. *LaCourte I*, Exhibit B, Second Amended Complaint, ¶ 65; *LaCourte v. JP Morgan Chase & Co.*, No. 12 Civ. 9453(JSR), 2013 WL 4830935, *1. There, Mr. LaCourte asserted claims based on these same phone calls against NCO Financial under the Fair Debt Collection Practices Act, Count I, *LaCourte I*, Exhibit B ¶¶ 218-26; under N.Y. Gen. Bus. Law § 349, Count III, ¶¶ 235-46, 239(a)-(d); Count IV, N.Y. Jud. Law § 487, ¶¶ 247-50; and Count VI-VIII, conspiracy to commit violations of the FDCPA, FCRA and Gen. Bus. Law § 349, ¶¶ 256-280. LaCourte I, Exhibit B. Mr. LaCourte sought leave to amend his complaint in

7

*LaCourte I*, however, leave to amend to add these claims to *LaCourte I,* was recently denied. *LaCourte I*, Exhibit A.

Because the core operative facts underlying Mr. LaCourte claims in this matter are based on the same communications included his second amended complaint in *LaCourte I*, the claims are duplicative of the claims in *LaCourte I*, relate to a prior action pending and are improperly split. See *infra* ¶ E. The ends of justice would be served by severance.

### E.     ISSUE II: Plaintiff LaCourte's claims should be dismissed.

This Court and the Second Circuit have previously recognized that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A*., 226 F.3d 133, 138 (2d Cir.2000); *Curtis v. DiMaio*, 46 F. supp.2d 206, 214 (E.D.N.Y.1999), aff'd 205 F.3d 1322 (2d Cir.2000). See also *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)("As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation."); *Stone v. Department of Aviation*, 453 F.3d 1271, 1278 (10th Cir. 2006) ("A plaintiff's obligation to bring all related claims together in the same action arises under the common-law rule of claim preclusion prohibiting the splitting of actions"); *Elgin v. Department of Treasury*, 132 S.Ct. 2126, 2135 (2012)("a tribunal generally has discretion to decide whether to dismiss a suit when a similar suit is pending elsewhere.").

As more recently observed in *Byron v. Genovese Drug Stores, Inc*., in a case such as this, dismissal under the "prior action pending" doctrine is warranted because

8

abatement of the second action fosters judicial economy, considerations of comity and protects parties from having to litigate issues in multiple venues. *Byron v. Genovese Drug Stores, Inc*., No. 10–CV–033132011, WL 4962499, *2 (E.D.N.Y. Oct. 14, 2011). To be applicable, the same parties, predicate facts and relief available in the actions must be substantially the same. *Byron v. Genovese Drug Stores, Inc*., WL 4962499, *3. See *also Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 764 F.Supp. 43, 45 (S.D.N.Y. 1991).

Here, the claims are based on the same predicate facts, are between the same parties and Plaintiff seeks relief in both actions that is substantially the same. Dismissal is therefore warranted. *In re Interstate Stores, Inc.*, 558 F.2d 1046, 1047 (2d Cir. 1977).

Other Courts apply a claim-splitting analysis to assess whether a second suit between the same parties should be dismissed as precluded. Under a claim splitting standard:

> [T]he test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit. This makes sense, given that the claim-splitting rule exists to allow district courts to manage their docket and dispense with duplicative litigation. If the party challenging a second suit on the basis of claim splitting had to wait until the first suit was final, the rule would be meaningless. The second, duplicative suit would forge ahead until the first suit became final, all the while wasting judicial resources.

*Katz v. Gerardi*, 655 F.3d 1212, 1218-19 (10th Cir. 2011).

Under either the prior action pending doctrine or the claim splitting test, *LaCourte I* and Mr. LaCourte's claims here are duplicative, involve the same parties, the same phone calls and here, merely advance an alternate theory of liability under the TCPA and

9

GBL 399-p, and ought to be dismissed. *Pasterczyk v. Fair*, 819 F.2d 12, 14 (1st Cir. 1987); Restatement (Second) of Judgments § 24 (1982).

If *LaCourte I* were final today, Plaintiff LaCourte's claims in this action would be barred by claim preclusion. Judge Rakoff established a case management plan in *LaCourte I* on May 2, 2013, establishing a right to amend the pleadings in that case until May 15, 2013. *LaCourte I*, Exhibit C (docket), ECF No. 57 ¶ C. Mr. LaCourte exercised that right by filing a second amended complaint on May 15, 2013. *LaCourte I*, Exhibit B, Exhibit C, docket. Mr. LaCourte sought leave to amend his complaint a third time on November 5, 2013 and filed this separate action on November 15, 2013, in disregard of Judge Rakoff's authority, commencing this action asserting additional claims against NCO based on the same phone calls at issue in *LaCourte I*.

As such, Mr. LaCourte's claims ought to be dismissed.

### F.  ISSUE III: Plaintiff LaCourte's GBL 399-p claims should be dismissed as time-barred.

In the alternative to dismissal of all Plaintiff LaCourte's claims, Plaintiff LaCourte's claim alleging violations of N.Y. Gen. Bus. Law § 399-p under Count Two is time-barred either in whole or in part because all the calls identified were made more than one year of filing this action, and the calls on October 20, 2010, October 27, 2010, November 4, 2010, November 11, 2010 and November 12, 2010, were made more than three years before the filing of this action on November 15, 2013. See *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir.1989) ("Where the dates in a complaint

show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss.").

NCO asserts here that a statutory cause of action seeking a penalty or forfeiture under New York Gen. Bus. Law § 399-p is governed by a one year statute of limitations under New York Civil Practice Law and Rules §215(4).

Section 215(4) provides: "an action to enforce a penalty or forfeiture created by statute *and given wholly or partly to any person who will prosecute*; if the action is not commenced within the year by a private person, it may be commenced on behalf of the state, within three years after the commission of the offense, by the attorney-general or the district attorney of the county where the offense was committed." New York Civil Practice Law and Rules §215(4)(emphasis added). In contrast, under New York Civil Practice Law and Rules §214(2), there is a three year statute of limitations applicable to "an action to recover upon a liability, penalty or forfeiture created or imposed by statute...."

Section 399-p provides for an action by the attorney general, N.Y.G.B.L. §399-p(8), or "[i]n addition to the right of action granted to the attorney general pursuant to this section, any person who has received a telephone call in violation of subdivision three, four or five of this section...." N.Y.G.B.L. §399-p(9). Thus, this statute provides for an action to enforce a penalty or forfeiture created by statute and given in part to any person who will prosecute. Cf., *Clowes v. Pulver*, 258 A.D.2d 50, 54, 691 N.Y.S.2d 649, 652 (N.Y.A.D. 3 Dept. 1999).

In the alternative, because it creates liability that did not exist at common law, Mr. LaCourte's G.B.L. §399-p claims would be governed by the three year statute of limitations set forth in N.Y.C.P.L.R. § 214(2), and time-barred in part. *Gaidon v. Guardian Life Ins. Co. of Am.*, 96 N.Y.2d 201, 209, 727 N.Y.S.2d 30, 750 N.E.2d 1078 (2001). The calls made more than three years from the filing of this action (October 20, 27, November 4, 11, and 12, 2010) are time-barred.

To the extent the complaint asserts the doctrine of equitable tolling applies, ECF No. 1, ¶¶ 46-47, equitable tolling does not apply to state law claims under New York law. *Ari v. Cohen*, 107 A.D.3d 516, 517, 968 N.Y.S.2d 31, 32 (N.Y.A.D. 1 Dept. 2013)(citing *O'Hara v. Bayliner*, 89 N.Y.2d 636, 646, 657 N.Y.S.2d 569, 679 N.E.2d 1049 (1997), *cert. denied* 522 U.S. 822 (1997)). Further, estoppel or tolling is not applicable here because plaintiffs failed to allege they were prevented from timely filing due to reasonable reliance on "deception, fraud or misrepresentation" by NCO. *Putter v. North Shore Univ. Hosp.*, 7 N.Y.3d 548, 552–553, 825 N.Y.S.2d 435, 858 N.E.2d 1140 (2006).

As such, Count Two ought to be dismissed.

**G.     ISSUE IV: Mr. LaCourte's Claims ought to be transferred.**

In the alternative to dismissal of all or part of the claims asserted here by Mr. LaCourte, the claims of Mr. LaCourte should be transferred to the docket of the honorable Judge Jed Rakoff in the United States District Court for the Southern District of New York, in connection with a pending action in that Court captioned *LaCourte v. J.P. Morgan Chase & Co. et al.*, Case No. 1:12-cv-09453.

Plaintiff LaCourte could have brought his claims in the Southern District of New York, where he has a pending action against NCO, on the same basis as venue exists in the Southern District, as well as pursuant to 28 U.S.C. § 1391(b)(1) and (d). Had these claims been filed in the Southern District, they would have been assigned to Judge Rakoff under the related case provision of Local Rule 1.6, S.D. Rule 13, and E.D. Rule 50.3.1.

Plaintiff's choice of forum should be accorded little weight and the interest of justice favor a transfer to allow Judge Rakoff to deal with Mr. LaCourte's attempt to circumvent his authority over *LaCourte I*.

H.  **ISSUE V: Plaintiff Baranski's TCPA claims ought to be dismissed.**

Plaintiff Baranski's claims under the Telephone Consumer Protection Act, while possible, are not plausibly pled and should be dismissed.

Aside from formulaic statements regarding the use of an "automatic telephone dialing system," ECF No. 1 ¶¶ 14, 19, 35, 38 the complaint contains no factual allegations relating to the use of such a system, and "[s]imply alleging the use of an ATDS, without more, is insufficient to sustain a TCPA claim." *Jones v. FMA Alliance Ltd.*, __ F.Supp.2d __, CIV.A. 13-11286-JLT, 2013 WL 5719515, *1-2 (D. Mass. Oct. 17, 2013); *Freidman v. Massage Envy Franchising, LCC*, 3:12-CV-02962-L-RBB, 2013 WL 3026641, *2 (S.D. Cal. June 13, 2013); *Ibey v. Taco Bell Corp.*, 12-CV-0583-H WVG, 2012 WL 2401972, *3 (S.D. Cal. June 18, 2012), appeal dismissed (Nov. 28, 2012); *Knutson v. ReplyA, Inc.*, 10-CV-1267 BEN WMC, 2011 WL 291076, *2 (S.D. Cal. Jan. 27, 2011); *Gragg v. Orange Cab Co., Inc.*, C12-0576RSL, 2013 WL 195466, *2

13

(W.D. Wash. Jan. 17, 2013). "Instead, "'well-pled allegations of an ATDS rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an ATDS was used.'" *Jones v. FMA Alliance Ltd.*, CIV.A. 13-11286-JLT, 2013 WL 5719515, *1 (D. Mass. Oct. 17, 2013)(quoting *Gragg*). Here there are no such allegations.

Because Plaintiff Baranski does not plausibly plead facts to show that NCO called him using an ATDS, he has failed to state a claim under the TCPA.

I. **ISSUE VI: Plaintiff Baranski's CUTPA claims ought to be dismissed**

Inaddition, Plaintiff Baranski's claim under the Connecticut Unfair Trade Practices Act (CUTPA) fails to satisfy the plausibility standard and should be dismissed.

In order to state a cause of action under the CUTPA, a plaintiff must demonstrate that he has "suffer[ed] any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42–110b." Conn. Gen.Stat. Ann. § 42–110g(a); *Neighborhood Builders, Inc. v. Town of Madison*, 294 Conn. 651, 657 (2010). The Connecticut Supreme Court defined "ascertainable loss" and "money or property" in *Hinchcliffe v. American Motors. Corp.*, 184 Conn. 607, 614-15, 440 A.2d 810, 440 A.2d (1991):

> Whenever a consumer has received something other than what he bargained for, he has suffered a loss of money or property. That loss is ascertainable if it is measurable even though the precise amount of the loss is not known ... To satisfy the "ascertainable loss" requirement, a plaintiff need prove only that she purchased an item partially as a result of an unfair deceptive practice or act and that item is different from that for which she bargained. This approach is in keeping with the remedial aims of the statute ...

Although plaintiff is not required to prove a specific amount of actual damages to make out a prima facie case under the CUTPA, the ascertainable loss requirement is "a threshold barrier" that must be satisfied in order to state a CUTPA claim. *Hinchliffe v. American Motors Corp.*, 184 Conn. 607, 440 A.2d 810, 815 (1981).

Merely reciting that Plaintiff suffered damages, and without even alleging the Defendant proximately caused harm, is insufficient to survive a motion to dismiss. *ZeeBaaS, LLC v. Koelewyn*, No. 3:11cv11(VLB), 2012 WL 2327693, *8 (D.Conn. Jun. 19, 2012); *Gervais v. Riddle & Associates, P.C.*, 479 F.Supp.2d 270, 279 (D.Conn. 2007); *Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232, 238 (2d Cir. 1998).

As such, Count Three fails to allege any ascertainable loss and should be dismissed.

### J.     Plaintiff Baranski's claims ought to be transferred to the District of Connecticut.

In the alternative, NCO prays the Court transfer this action with NCO's motion to dismiss pending, as Plaintiff Baranski could have brought this action in the District of Connecticut, where he resides and where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

The totality of circumstances and balance of considerations relating to Mr. Baranski's claims favor transfer of his claims to the District of Connecticut. Because Mr. Baranski is a resident of Connecticut, ECF No. 1, ¶ 11, the District of Connecticut cannot be said to be inconvenient to him.

Mr. Baranski's home, and any witnesses to the calls he alleges he received, will be located in Connecticut. Indeed, the proposed subclass of Connecticut consumers Mr. Baranski seeks to represent, are all located in Connecticut. ECF No. 1 ¶38.

If Mr. Baranski has the means to litigate in this forum, he undoubtedly has the means to litigate closer to home.

NCO is subject to process in Connecticut, and has a registered agent for service of process in Connecticut. See http://www.concord-sots.ct.gov/CONCORD/ (NCO Financial Systems, Inc., business ID 0802795) (search performed 12/5/13).

Mr. Baranski raises claims under Connecticut law, ECF No. 1, ¶¶ 76-84, which a Connecticut Judge would be more versed in than this Court.

Indeed, there is no apparent reason why Mr. Baranski chose to file this action in this Court, as his claims have no connection to New York, suggesting he filed his claims in this Court as a result of forum shopping.

As such, the claims of Mr. Baranski ought to be transferred to the District of Connecticut.

## IV. CONCLUSION

For all the foregoing reasons, NCO Financial Systems, Inc. respectfully prays that the Court enter an Order:

A. Severing the claims of John Baranski from the claims of James LaCourte pursuant to Fed.R.Civ.P. Rule 21;

B. Dismissing the claims of James LaCourte in their entirety pursuant to Fed.R.Civ.P 12(b)(6), or alternatively, dismissing Count Three as time-barred, or alternatively,

pursuant to 28 U.S.C. § 1404, transferring his claims to the docket of the honorable Judge Jed Rakoff in the United States District Court for the Southern District of New York; and

C. Dismissing the claims of John Baranski in their entirety pursuant to Fed.R.Civ.P 12(b)(6), or alternatively, transferring the claims of John Baranski to the U.S. District Court for the District of Connecticut pursuant to 28 U.S.C. § 1404, with NCO's motion to dismiss pending.

    Respectfully Submitted

    /s/ Michael D. Slodov
    Michael D. Slodov, NY 5141619
    SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
    15 E. Summit St.
    Chagrin Falls, Ohio 44022
    (440) 318-1073
    (fax) (216) 359-0049
    mslodov@sessions-law.biz

    Aaron R. Easley, Esq. (ae9922)
    SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
    200 Route 31 North, Suite 203
    Flemington, NJ 08822
    Phone: (908) 751-5940
    Fax: (908) 751-5944
    aeasley@sessions-law.biz
    Attorney for Defendant
    NCO Financial Systems, Inc.