UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN BARANSKI AND JAMES LACOURTE, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>                  Plaintiffs,<br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>                  Defendant. | CASE NO. 1:13-CV-6349-ILG-JMA |

_____

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STRIKE**
_____

**I. INTRODUCTION**

      Plaintiffs, John Baranski and James LaCourte, commenced this putative class action against defendant, NCO Financial Systems, Inc. ("NCO"), on November 15, 2013. ECF No. 1. NCO filed its motion to sever, dismiss, and/or transfer venue on December 11, 2013. ECF No. 6. The parties agreed to a briefing schedule that required plaintiffs opposition to the motions be filed by January 17, 2014. ECF No. 14, 18. Rather than respond to the issues and arguments in NCO's motion to dismiss, plaintiffs filed an amended complaint on January 17, 2014, without seeking leave of court or NCO's consent. ECF No. 21. Because plaintiffs amended complaint was not timely filed under Rule 15(a)(1)(B), it ought to be stricken.

1

## II. LAW AND ARGUMENT

Effective December 1, 2009, Fed. R. Civ. P. 15 was amended so as to treat a motion to dismiss filed under Rule 12(b)(6) in the same fashion as a responsive pleading is treated - the time to amend as a matter of course terminates 21 days after either the filing of a responsive pleading or a motion to dismiss under Rule 12(b). Fed. R. Civ. P.15(a)(1)(B). As amended, the Rule provides:

> **(a) Amendments Before Trial.**
> **(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
> **(A)** 21 days after serving it, or
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> **(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
> **(3)** *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Fed. R. Civ. P. 15(a). The Advisory Committee Comments to the 2009 Amendment explain:

> Rule 15(a)(1) is amended to make three changes in the time allowed to make one amendment as a matter of course.
>
> Former Rule 15(a) addressed amendment of a pleading to which a responsive pleading is required by distinguishing between the means used to challenge the pleading. Serving a responsive pleading terminated the right to amend. Serving a motion attacking the pleading did not terminate the right to amend, because a motion is not a "pleading" as defined in Rule 7. The right to amend survived beyond decision of the motion unless the decision expressly cut off the right to amend.

2

> The distinction drawn in former Rule 15(a) is changed in two ways. First, the right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f). This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings.
>
> . . . .
>
> The 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period. . . .

Fed. R. Civ. P. 15, Advisory Committee Comments, 2009 Amendments (footnote omitted). The amendment was intended to promote efficient management of the court's docket. *Hayes v. District of Columbia*, 275 F.R.D. 343, 345-46 (D. D.C. July 29, 2011).

Here, plaintiffs' amended complaint was filed 37 days after NCO's motion to dismiss was filed, after the time for amending the complaint as a matter of course expired under Rule 15(a)(1)(B). Plaintiffs could not file their amended complaint on January 17, 2014 without leave of court. Fed. R. Civ. P. 15(a)(2).

As such, the amended complaint filed without leave of court is a nullity, has no legal effect, and ought to be stricken. 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1484 (3d ed. 2012) ("[i]f an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect."); *In re Crazy Eddie Securities Litigation*, 792 F.Supp. 197, 204 (E.D. N.Y. 1992) (amended complaint filed without leave has no legal effect); *Estate*

3

*of Rebecca Zahau v. Shacknai*, 2013 WL 6002944, *1 (S.D. Cal. Nov. 12, 2013); *Dorsey v. Artus*, 2013 WL 5463720, *3 (N.D. N.Y. 2013).

### III. CONCLUSION

For all the foregoing reasons, NCO Financial Systems, Inc. respectfully prays that the Court enter an Order striking plaintiffs' Amended Complaint (ECF No. 21) as untimely.

    Respectfully Submitted

    /s/ Michael D. Slodov
    Michael D. Slodov, NY 5141619
    SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
    15 E. Summit St.
    Chagrin Falls, Ohio 44022
    (440) 318-1073
    (fax) (216) 359-0049
    mslodov@sessions-law.biz

    David Israel
    Bryan C. Shartle
    SESSIONS FISHMAN NATHAN & ISRAEL, LLC
    3850 North Causeway Blvd., Suite 200
    Metairie, LA 70002
    (504) 828-3700
    (fax) (504) 828-3737
    disrael@sessions-law.biz
    bshartle@sessions-law.biz

    Aaron R. Easley, NY ae9922
    SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
    200 Route 31 North, Suite 203
    Flemington, NJ 08822
    (908) 751-5940
    (fax) (908) 751-5944
    aeasley@sessions-law.biz

    Attorneys for Defendant,
    NCO Financial Systems, Inc.