UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
BARANSKI, et al.,

        Plaintiffs,                     MEMORANDUM AND ORDER

    - against -                  13 CV 6349 (ILG) (JMA)

NCO FINANCIAL SYSTEMS, INC.,

        Defendant.
-----------------------------------------------------x
GLASSER, United States District Judge:

        Plaintiffs John Baranski ("Baranski") and James LaCourte ("LaCourte" and together with Baranski, "Plaintiffs"), on behalf of themselves and others similarly situated, brought this action against defendant NCO Financial Systems, Inc. ("NCO"), alleging violations of, among other things, the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").  Plaintiffs' complaint was dismissed by Memorandum and Order dated March 21, 2014 (the "Dismissal Order").  Baranski v. NCO Fin. Sys., Inc., No. 13-cv-6349(ILG)(JMA), 2014 WL 1155304 (E.D.N.Y. Mar. 21, 2014).  Plaintiffs now request clarification as to whether Baranski's TCPA claims were dismissed without prejudice and seek leave to file an amended complaint.  As explained more fully below, dismissal of those claims was with prejudice, and Plaintiffs' request for leave to amend is DENIED.

## BACKGROUND

        The facts and procedural history of this action are set out more fully in the Dismissal Order, familiarity with which is assumed.[1]  Briefly, NCO is a debt collection agency.  At the heart of the complaint was Plaintiffs' allegation that as part of its debt

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Dismissal Order.

collection activities, NCO uses an automatic telephone dialing system ("ATDS"), as defined in the TCPA. NCO moved to dismiss the Complaint under Rule 12(b)(6), arguing, among other things, that it failed to allege sufficient facts to support a plausible inference that the calls received by Plaintiffs were made using an ATDS. Dkt. No. 6. Rather than opposing NCO's motion to dismiss, Plaintiffs filed an amended complaint. Dkt. No. 21 (the "FAC"). The FAC was filed without leave of the Court after the time for amendment as a matter of course had expired, and so was untimely under Rule 15(a) and without legal effect. Baranski, 2014 WL 1155304, at *3–4. Nevertheless, the Court considered whether the proposed amendments would cure the Complaint. Id. at *4.

In the Dismissal Order, the Court noted that "the vast majority of courts to have considered the issue have found that '[a] bare allegation that defendants used an ATDS is not enough.'" Id. at *6 (quoting Jones v. FMA Alliance Ltd., No. 13-11286-JLT, 2013 WL 5719515, at *1 (D. Mass. Oct. 17, 2013)). In order to plead a TCPA claim, a plaintiff "must at least describe, in laymen's terms, the facts about the calls or the circumstances surrounding the calls that make it plausible that they were made using an ATDS." Id. (quoting Johansen v. Vivant, Inc., No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012)). In neither their original complaint nor the FAC did Plaintiffs make any such factual allegations. Id. at *6–7. Accordingly, the Court dismissed Baranski's TCPA claims.[2]

On April 1, 2014, Plaintiffs filed a letter motion requesting clarification as to whether Baranski's TCPA claims were dismissed without prejudice and seeking leave to

---

[2] The Court declined to exercise supplemental jurisdiction over Baranski's state law claims and dismissed them without prejudice to refiling in state court. Id. at 7. The Court concluded that LaCourte's claims were barred by res judicata, because prior to commencing this action he had filed a complaint in the Southern District of New York against NCO and other defendants based on the same phone calls at issue in this action. Id. at *5.

file a second amended complaint. Dkt. No. 35 ("Pls.' Letter Mot."). On April 3, 2014, NCO filed a letter in opposition. Dkt. No. 36. NCO argues that it was clear from the Dismissal Order that Baranski's claims were dismissed with prejudice and that, in any event, Baranski is not entitled to amend his complaint yet again.

## DISCUSSION

Plaintiffs state that they "assume the dismissal of Plaintiff Baranski's claims was intended to be without prejudice," because the Dismissal Order did not state that it dismissed those claims with prejudice and because of the "general rule" that dismissal is without prejudice unless otherwise specified. Pls.' Letter Mot. at 1. Plaintiffs' assumptions are incorrect.

It is well-settled that dismissal pursuant to Rule 12(b)(6) is with prejudice unless the order indicates otherwise. Stern v. Gen. Elec. Co., 924 F.2d 472, 478 n.7 (2d Cir. 1991). The cases Plaintiffs cite are inapposite, because they do not address dismissal pursuant to Rule 12(b)(6). Moreover, there was no need to specify that Baranski's TCPA claims were dismissed with prejudice, because the Dismissal Order expressly indicated which of Plaintiffs' claims were dismissed without prejudice. Baranski, 2014 WL 1155304, at *7.

In any event, Plaintiffs have failed to demonstrate that they should be allowed another attempt to replead Baranski's TCPA claims. Plaintiffs were on notice of the deficiencies in the Complaint and of the requirements for pleading a TCPA claim when they filed the FAC, because NCO's motion to dismiss noted that the Complaint contained only conclusory allegations of the use of an ATDS and failed to allege facts that would support such an inference. But despite this notice, the FAC was similarly

deficient.  Justice would not be served by permitting Plaintiffs to file a second amended

complaint and take yet another bite at the apple.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to amend is DENIED.

SO ORDERED.

Dated:      Brooklyn, New York
           April 18, 2014


_____/s/_____
I. Leo Glasser
Senior United States District Judge